# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **ETOE SONE DERICK,**<br>　　*Plaintiff*<br><br>v.<br><br>**UR JADDOU and U.S. CITIZENSHIP<br>AND IMMIGRATION SERVICES,**<br>　　*Defendants* | **CIVIL NO. 1-23-CV-00857-DII** |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:** THE HONORABLE DISTRICT COURT

Before this Court are Defendants' Motion to Dismiss, filed December 5, 2023 (Dkt. 8); Plaintiff's Opposition to Defendants' Motion to Dismiss, filed December 14, 2023 (Dkt. 9); Defendants' Reply, filed December 18, 2023 (Dkt. 10); and the parties' Notices of Supplemental Authority (Dkts. 11-14).[1]

## I. Background

Plaintiff Etoe Sone Derick seeks an order to compel the United States Citizenship and Immigration Service ("USCIS") to rule on his asylum application, which has been pending before the USCIS Houston Office for more than five years.

The Immigration and Naturalization Act ("INA") provides:

> Any alien who is physically present in the United States or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters), irrespective of such alien's status, may apply for asylum.

---

[1] By Text Order issued April 1, 2024, the District Court referred the motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

1

8 U.S.C. § 1158(a)(1). "The Secretary of Homeland Security or the Attorney General may grant asylum to an alien . . . if the Secretary of Homeland Security or the Attorney General determines that such alien is a refugee" under the statute. 8 U.S.C. § 1158(b)(1)(A). An alien qualifies as a "refugee" if the alien "is unable or unwilling to return to" their home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A).

USCIS, a component agency of the U.S. Department of Homeland Security ("DHS"), has jurisdiction over asylum applications filed by aliens not in removal proceedings and conducts the initial interview of the applicant. 8 C.F.R. § 208.2(a). If an asylum officer determines that an applicant qualifies as a refugee under the statute, he or she "may grant, in the exercise of his or her discretion, asylum." 8 C.F.R. § 208.14(b). If the asylum officer denies the application, the applicant may file an administrative appeal with an immigration judge and appeal the judge's decision with the Board of Immigration Appeals. 8 U.S.C. § 1158(d)(5)(A)(iv).

As to the time for processing asylum applications, the INA states that, "in the absence of exceptional circumstances," the initial interview "shall" be held within 45 days of the filing of the application, and the final administrative adjudication of the application "shall" be made within 180 days of the filing of the application. 8 U.S.C. §§ 1158(d)(5)(A)(ii), (iii). The statute also contains a "No private right of action" provision, stating: "Nothing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." 8 U.S.C. 1158(d)(7). Asylum applicants can apply for work permits while their applications are pending. 8 U.S.C. § 1158(d)(2).

Derick, a native and citizen of Cameroon, filed his application for asylum on January 25, 2019 under § 1158(a), based on alleged political persecution in Cameroon. Complaint (Dkt. 1) ¶ 4; *see also* Dkt. 1 at 19 (USCIS Acknowledgement of Receipt of Derick's Form I-589 "Application for Asylum and for Withholding of Removal," Receipt No. ZHN1939856930). He entered the United States in February 2018 on a student visa and lives in Williamson County, Texas. Complaint ¶ 13; Dkt. 1 at 16. Derick alleges that after he fled Cameroon, his "family home was burnt down by the Cameroonian military, his brother shot dead, and his wife wrongfully detained and threatened by government officials." Complaint ¶ 6. He alleges that his wife and 8-year-old son are now "in hiding, fearing for their lives." *Id.*

On July 24, 2023, Derick sued USCIS and its Director, Ur Jaddou, in her official capacity (together, "USCIS"), alleging that "Plaintiff has waited over four [now five] years without USCIS scheduling him for an interview or issuing a decision on his asylum application." *Id.* ¶ 10. He alleges that USCIS failed to perform its duty under § 1158(a) of the INA to rule on his asylum application within 180 days after it was filed, and that USCIS's failure to timely rule on his asylum application constitutes "unreasonable delay" under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 706(1). Derick asks the Court to issue preliminary and permanent injunctions under § 706(1) of the APA and the Mandamus Act, 28 U.S.C. § 1361, "compelling Defendants to make a determination on Plaintiff's form I-589 Application for Asylum and Withholding of Removal within 90 days of the filing this complaint, or within a reasonable period of time determined by this Court." Complaint ¶ 59.

USCIS move the Court to dismiss Derick's Complaint under Rule 12(b)(1), contending that this Court lacks subject matter jurisdiction over both his claims. In the alternative, USCIS argues that Derick's APA claim should be dismissed for failure to state a claim under Rule 12(b)(6).

## II.     Legal Standards

### A.  Rule 12(b)(1)

Rule 12(b)(1) allows a party to assert lack of subject matter jurisdiction as a defense to suit. Federal district courts are courts of limited jurisdiction and may exercise only jurisdiction expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Assn. of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001).

### B.  Rule 12(b)(6)

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claims and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).[2]

---

[2] Because the Court is not relying on the affidavits Defendants have attached to their Motion to Dismiss, the Court need not convert the Motion to Dismiss to a Motion for Summary Judgment.

### III.     APA Claim

As stated, Derick seeks an order under § 706(1) of the APA to compel Defendants to rule on his asylum application within 90 days of the filing his Complaint, or within a reasonable period "determined by this Court." Complaint ¶ 59.

Section 706(1) authorizes courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). But the APA excludes judicial review of agency actions or inactions where the relevant statute "preclude[s] judicial review" or "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). Therefore, "the only agency action that can be compelled under the APA is action legally *required* . . . the ordering of a precise, definite act about which an official had no discretion whatever." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63 (2004) (citation omitted). Thus, a claim under § 706(1) can proceed only when a plaintiff asserts that an agency "failed to take a *discrete* agency action that it is *required to take*." *Id.* at 64. Accordingly, to prevail on his APA claim, Derick must show that the USCIS had a duty under § 1158 of the INA to rule on his asylum application within 180 days from the date it was filed.

The INA provides that the Attorney General or the Secretary of DHS "may grant asylum to an alien" who has established that he or she is a "refugee" under the statute. 8 U.S.C. § 1158(b)(1)(A); *see also* 8 C.F.R. § 208.14 ("[A]n asylum officer, subject to review within USCIS, may grant, in the exercise of his or her discretion, asylum to an applicant who qualifies as a refugee"). Even if an applicant qualifies, asylum is discretionary under the statute. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 110 n.4 (2020); *see also Vazquez-Guerra v. Garland*, 7 F.4th 265, 268-69 (5th Cir. 2021) ("[T]he Attorney General has discretion to grant asylum to refugees who meet certain requirements."); *Chen v. Gonzales*, 470 F.3d 1131, 1135 (5th Cir. 2006) ("The Attorney General's statutory power to grant asylum is discretionary.").

5

While the grant or denial of asylum is discretionary, Derick argues that the USCIS must make that decision within 180 days of the date the asylum application was filed under § 1158(d)(5)(A)(iii) ("[I]n the absence of exceptional circumstances, final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed.").

A delay "cannot be unreasonable with respect to action that is not required." *Norton*, 542 U.S. at 63 n.1. More to the point, this Court recently held that the deadlines in § 1158(d)(5)(A) are discretionary based on the "in the absence of exceptional circumstances language" and the "no private right of action" provision in § 1158(d)(7). *Ayvali v. U.S.*, No. 1:23-CV-896-RP, 2024 WL 1319751, at *4 (W.D. Tex. Mar. 27, 2024) (dismissing APA unreasonable delay claim after concluding that asylum provision's 180-day deadline was "aspirational" and "not a clear mandate" indicating that "USCIS was *required* to act within that timeframe"). Other courts in the Fifth Circuit have reached the same conclusion. *See Ayana v. Jaddou*, No. H-23-2937, 2023 WL 8936700, at *3 (S.D. Tex. Dec. 27, 2023) (holding that asylum applicant did not have a private right of action to enforce the timing provisions of § 1158(d)(5)); *Salar v. U.S. Citizenship & Immigr. Servs.*, No. 23-CV-1997, 2023 WL 8716579, at *3 (E.D. La. Dec. 18, 2023) (dismissing asylum applicant's APA unreasonable delay claim because the deadlines in asylum provision were discretionary and barred by no private right of action provision). Derick's APA claim is barred because the deadlines are discretionary and the statute specifically disallows such claims.[3] In addition, the Court lacks authority under § 706(1) "to order USCIS to implement

---

[3] Derick argues that the Court should apply the six-factor balancing test of *Telecomm. Rsch. & Action Ctr. v. F.C.C.*, 750 F.2d 70, 79-80 (D.C. Cir. 1984) ("*TRAC*") and follow California district courts finding that the *TRAC* test should be applied in visa application cases after discovery. But the Fifth Circuit "has never adopted that multi-factor test." *Li v. Jaddou*, No. 22-50756, 2023 WL 3431237, at *1 n.2 (5th Cir. May 12, 2023) (per curiam). Derick's reliance on these cases is not persuasive.

programmatic changes necessary to speed the processing of asylum applications." *Ayvali*, 2024 WL 1319751, at \*4; *Ayana*, 2023 WL 8936700, at \*3.

The Court concludes that it lacks authority under the APA to order the USCIS to act on Derick's asylum application within a certain amount of time.[4] For these reasons, his § 706(1) claim must be dismissed.

While USCIS argues that Derick's APA claim should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction, the requirement that plaintiffs "identify a discrete, mandatory duty to compel agency action under 5 U.S.C. § 706(1) relates to whether the [plaintiffs] have asserted a federal cause of action," not whether the court has subject matter jurisdiction. *Fort Bend Cnty. v. U.S. Army Corps of Engineers*, 59 F.4th 180, 192 (5th Cir. 2023). As a result, the Court recommends that Derick's APA claim be dismissed under Rule 12(b)(6).

## IV.   Mandamus Act Claim

Under the Mandamus Act, district courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A writ of mandamus is an "extraordinary remedy" unavailable to review discretionary acts of agency officials. *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002). To obtain mandamus relief, Derick must show that (1) he has a clear right to relief, (2) USCIS officials have a clear duty to act, and (3) no other adequate remedy exists. *Mendoza-Tarango v. Flores*, 982 F.3d 395, 400 (5th Cir. 2020). Even if all three elements are satisfied, "the decision to grant or deny the writ remains within the court's discretion because of the extraordinary nature of the mandamus remedy." *Id.* (cleaned up).

---

[4] Derick also relies on a previous opinion of this Court finding that it had subject matter jurisdiction to consider whether USCIS unlawfully withheld agency action with respect to aliens' U Visa applications under § 1184 of the INA. *M.J.L. v. McAleenan*, 420 F. Supp. 3d 588, 599 (W.D. Tex. 2019), *R. & R. adopted*, No. 1:19-CV-477-LY, 2020 WL 10056215 (W.D. Tex. Jan. 24, 2020). That holding is no help to Derick because that case involved different statutory provisions and regulations

Derick cannot satisfy any of these elements. As stated, the USCIS's duty to review asylum applications under the INA is discretionary, and § 1158(d)(7) "expressly states that no private right of action arises from the aspirational asylum application processing timeframes set forth in the statute." *Ayvali*, 2024 WL 1319751, at *4. Accordingly, § 1158(d)(7) precludes granting mandamus relief that would compel adjudication of an asylum application within a set time. *Id.* Derick is not entitled to mandamus relief.

Because Derick is not entitled to mandamus relief, his claim under the Mandamus Act should be dismissed. As with his APA claim, however, his Mandamus Act claim should be dismissed for failure to state a claim for relief under Rule 12(b)(6), not for lack of subject matter jurisdiction. *See Newsome*, 301 F.3d at 231 (affirming dismissal of mandamus claim for failure to state a claim for relief ).

## V.   Conclusion

The Court is sympathetic to Derick's frustration with how long his asylum application has been pending. But the relief he seeks implications immigration policy decisions beyond the Court's power.

> The principal purpose of the APA limitations we have discussed—and of the traditional limitations upon mandamus from which they were derived—is to protect agencies from undue judicial interference with their lawful discretion, and to avoid judicial entanglement in abstract policy disagreements which courts lack both expertise and information to resolve. If courts were empowered to enter general orders compelling compliance with broad statutory mandates, they would necessarily be empowered, as well, to determine whether compliance was achieved—which would mean that it would ultimately become the task of the supervising court, rather than the agency, to work out compliance with the broad statutory mandate, injecting the judge into day-to-day agency management. . . . The prospect of pervasive oversight by federal courts over the manner and pace of agency compliance with such congressional directives is not contemplated by the APA.

*Norton*, 542 U.S. at 66-67.

## VI. Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that USCIS's Motion to Dismiss (Dkt. 8) is **GRANTED IN PART** and **DENIED IN PART**. The undersigned **RECOMMENDS** that the District Court **DENY** USCIS's Rule 12(b)(1) Motion to Dismiss for lack of subject matter jurisdiction, **GRANT** the Motion under Rule 12(b)(6) for failure to state a claim for relief, and **DISMISS** Plaintiff's claims.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable District Court.

## VII. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on June 17, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

9